| |
|---|
| **Biz Advance Now, Inc. v BHMAAA Inc.** |
| 2026 NY Slip Op 31001(U) |
| March 16, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 517094/2025 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 16th day of March 2026.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court

----------------------------------------------------------------------x
BIZ ADVANCE NOW, INC.,

                              Plaintiff,

                    -against-

BHMAAA INC., MARK ALFAKS, and ALBERT ALFAKS,

                              Defendants.
----------------------------------------------------------------------x

Index No. 517094/2025

MS 3

**Decision and Order**

The following e-filed papers read herein:
MS 3

NYSCEF Doc Nos.
74-87

Defendants' motion to dismiss the summons and complaint pursuant to CPLR 3211(a)(8) is decided as follows:

**Background**

This action arises out of defendants' alleged misuse of plaintiff's confidential information, trade secrets, business relationships, and brand to divert merchant cash funding business to themselves and competing funders for their own gain. Plaintiff further alleges that defendants falsely represented themselves as agents of plaintiff or its affiliate, interfered with plaintiff's customer and funder relationships, made unauthorized credit card charges, and caused plaintiff to suffer lost commissions, reputational harm, and other damages.

1

[* 1]

By Decision and Order dated December 4, 2025, the Court denied defendants' prior motion to dismiss the complaint pursuant to CPLR 3211(a)(8), and granted plaintiff's cross-motion to extend the time to serve and afforded plaintiff an additional 45 days from notice of entry to effect service. The Decision and Order provides, in relevant part:

> "Here, plaintiff demonstrated its due diligence by attempting service upon all defendants and filing affidavits of service. Aside from a pro forma affirmative defense asserted in their answer, defendants fail to demonstrate why plaintiff should not have believed that its service attempts had been successful.

> In addition, plaintiff has established that an extension is warranted on interest of justice grounds. Defendants have actively participated in this litigation since the filing of their timely answer and, therefore, there is no prejudice to them in granting plaintiff's instant application. Moreover, compelling plaintiff to refile this case and restart discovery constitutes a waste of time and resources for both the parties and the court. Finally, plaintiff did not delay in seeking an extension."

Defendants now again move to dismiss the summons and complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, arguing that plaintiff again failed to properly serve any defendant within the additional 45-day period. Defendants contend that service upon defendants weas defective because the individuals allegedly served do not exist or were not authorized to accept service, the corporate defendant was served at an incorrect address, no mailing was received, and video evidence and affidavits allegedly contradict the process server's affidavits.

In opposition, plaintiff argues that service was timely effectuated within the Court-ordered period through licensed process servers whose affidavits constitute prima facie proof of proper service. Plaintiff asserts that defendants rely only on self-serving denials, a nonparty affirmation, and selective video footage that do not rebut the process servers' sworn affidavits or warrant a traverse hearing, particularly given defendants' prolonged participation in the litigation and undisputed notice of the action. Plaintiff further argues that, if the Court finds conventional service disputed, alternative service pursuant to CPLR 308(5) and 311(b) should be authorized.

2

In reply, defendants reassert that plaintiff failed to effectuate proper service within the 45-day extension and therefore the Court lacks personal jurisdiction. Defendants argue that plaintiff's opposition relies only on an attorney affirmation without evidentiary value and fails to rebut defendants' sworn denials that the alleged services were fictitious or unauthorized, that no mailing was received, and that video evidence contradicts the claimed service. Defendants further contend that their submissions rebut the presumption of proper service and require, at minimum, a traverse hearing, and that plaintiff's request for alternative service is procedurally improper and unsupported.

## Discussion

"Ordinarily, a process server's sworn affidavit of service is prima facie evidence of proper service pursuant to CPLR 308 (2)" (*Wachovia Bank, Nat. Ass'n v Carcano*, 106 AD3d 726 [2d Dept 2013] [citations omitted]). "However, [a] defendant can rebut a process server's affidavit by a detailed and specific contradiction of the allegations in the process server's affidavit" (*id.* [internal quotation marks omitted]). A "defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service" (*US Bank Nat. Ass'n v Tate*, 102 AD3d 859 [2d Dept 2013] [citations omitted]).

Here, the affidavits of plaintiff's licensed process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2). Contrary to defendants' contention, they failed to rebut this presumption of proper service since they did not, in their affidavits submitted in support of the motion, swear to specific facts sufficient to rebut the statements contained in the process server's affidavits, nor did they submit competent evidentiary proof supporting their assertions.

Notably, the denial concerning service upon defendant Albert Alfaks is not made by the defendant himself, but by a non-party. Even after plaintiff pointed out this deficiency in its opposition papers, defendants failed to cure the defect in reply by submitting an affidavit from

3

defendant Albert Alfaks himself. Instead, defendants rely on the affirmation of Aimee Cohen, who asserts that she is the only co-resident, that no mailing was received, and that no one matching the process server's description resides at the premises. Such assertions by a non-party are insufficient to rebut the presumption of proper service created by the process server's sworn affidavit.

Regarding service upon defendant BHMAAA Inc., defendants similarly fail to rebut the prima facie showing of proper service. Plaintiff's process server attested that service was effectuated at the address listed with the New York State Department of State for the corporation's registered agent, by delivering the papers to an individual identified as a manager or administrator authorized to accept service. Defendants' conclusory assertion that the individual served does not exist or is unknown to them, without competent evidentiary proof contradicting the details contained in the affidavit of service, is insufficient to overcome the presumption of proper service.

As to service upon defendant Mark Alfaks, defendants rely primarily on Mark Alfaks' assertion that "the process server left the documents by just placing them between the screen door and the front door" and that no individual named Sonia Rodriguez resides at the premises. However, such statements amount to little more than a denial of the facts set forth in the affidavit of service and do not provide the detailed factual contradiction necessary to rebut the presumption of proper service. Nor does the video footage submitted by defendants conclusively establish that service was not properly effectuated. Instead, the approximately one minute and seven second video submitted by defendants shows the process server approaching the premises, greeting an individual inside through the window, holding up documents to display them to the person inside, and communicating with that individual before the door is opened and the process server raises the papers to hand them over. The video does not depict the process server "placing [the documents] between the screen door and the front door" as defendants contend.

4

[* 4]

Moreover, the video submitted by defendants cuts off at the timestamp December 18, 2025, at 10:39 a.m., before any verbal exchange occurs and before the time 10:43 a.m. identified in the process server's sworn affirmation of service, which states that service was effectuated "by leaving the following documents at the dwelling place or usual place of abode of MARK ALFAKS with Sonia Rodriquez who is of suitable age and discretion and the Co-Resident of MARK ALFAKS on December 18, 2025 10:43 am." Even after plaintiff raised this discrepancy in its opposition papers, defendants failed in reply to address the issue, failed to submit the complete unedited footage of the encounter, and continue to assert that the video constitutes proof of non-service, notwithstanding that the video contradicts such claim.

### Conclusion

Based on the foregoing, defendants' motion to dismiss is denied. Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

5

[* 5]